UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Bricklayers and Allied Craftworkers**<br>**Local No. 1, D.C., MD, VA** | ) |
| | ) |
| | ) |
|      **5879 Allentown Road** | ) |
|      **Camp Springs, MD 20716** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| **v.** | )      **CIVIL ACTION NO.: _____** |
| | ) |
| **BRISK WATERPROOFING** | ) |
| **COMPANY, INC.** | ) |
| | ) |
|      **1508 Marblewood Avenue** | ) |
|      **Capital Heights, MD 20743** | ) |
| | ) |
|      *Serving: Mayor of the District of* | ) |
|      *Columbia* | ) |
|      **Corporations Division** | ) |
|      **941 N. Capitol St. NW, 7th Floor** | ) |
|      **Washington, D.C. 20002** | ) |
| | ) |
|  **and** | ) |
| | ) |
| **WESTERN WATERPROOFING** | ) |
| **COMPANY, INC.** | ) |
| | ) |
|      **1637 North Warson Road** | ) |
|      **St. Louis, MO 63132** | ) |
| | ) |
|      *Serving: Resident Agent* | ) |
|      **Corporation Service Co.** | ) |
|      **1090 Vermont Avenue, N.W.** | ) |
|      **Washington, D.C. 20005** | ) |
| | ) |
| **and** | ) |
| | ) |
| **WESTERN CONSTRUCTION GROUP,** | ) |
| **INC.** | ) |
| | ) |
|      **1637 North Warson Road** | ) |
|      **St. Louis, MO 63132** | ) |
| | ) |

*Serving: Mayor of the District of*    )
*Columbia*    )
**Corporations Divisions**    )
**941 N. Capitol St. NW, 7th Floor**    )
**Washington, D.C. 20002**    )
————————————————————    )

## COMPLAINT
### (FLSA; LMRA; DRBA; FCA)
### (Failure to Pay Wages; Breach of Contract)

Plaintiff Bricklayers and Allied Craftworkers Local 1, DC, MD, VA Fund ("Local 1"), by

and through their attorneys, McChesney & Dale, P.C., as and for their Complaint respectfully

allege as follows:

## NATURE OF THE ACTION

1.    This is an action against Defendant, Brisk Waterproofing Company, Inc. ("Brisk") and

related corporate entities, together, a Missouri corporation, for failure to pay certain employees

within Local 1's geographic and trade jurisdiction the local prevailing wage rate, overtime pay and

fringe benefits in violation of Sections 13(a)(1) and 201 of the Fair Labor Standards Act of 1938

("FLSA"); the Davis Bacon and Related Acts ("DBRA"), 40 U.S.C. § 276a et seq.; the False

Claims Act ("FCA"); District of Columbia Minimum Wage Act Revision Act of 1992

("MWARA") , as, and the terms of the Collective Bargaining Agreement ("CBA") entered into

between Local 1 and Brisk pursuant to Sections 201, 301(a), (b), and 302(c)(5), (6) of the

Labor-Management Relations Act, 1947 ("LMRA"), 29 U.S.C. §§ 185(a), (b), 186(a), (c) et seq..

Plaintiff alleges that these aforementioned violations arose out of the practice of the Defendant and

seeks to redress these violations of the law.

## JURISDICTION

2

2.      This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 216(b), 1145 (Fair Labor Standards Act), 40 U.S.C. §§ 1(a), 276a et seq. (Davis Bacon and Related Acts), 29 U.S.C. §§ 185(a), (b), 186(a), (c) et seq. (Labor Management Relations Act), False Claims Act, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce) to enforce Defendant's obligation to pay the local prevailing wage, over-time wages, and to enforce their rights arising out of Defendant's violation of the Collective Bargaining Agreement ("CBA").  (See Exhibit A, Collective Bargaining Agreement  Effective May 1, 2001 – April 30, 2004).

3.      This Court has supplemental jurisdiction over the claims arising under state laws pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §§ 185, 1132.  Brisk employed workers for work within Local 1's trade jurisdiction and Local 1's geographic jurisdiction in the District of Columbia, Maryland, and Virginia.  Specifically, Brisk hired members of the BAC Local No. 1 union for projects in the District of Columbia, and therefore, is subject to the jurisdiction of this Court.

## PARTIES

5.      Plaintiff is the Bricklayers and Allied Craftworkers Local 1, DC, MD, VA Fund ("Local 1"), a labor organization within the meaning of Section 2(5) of the LMRA that represents all employees of Defendant Brisk covered by the CBA.

6.      Upon information and belief, Defendants, Brisk Waterproofing Company, Inc. ("Brisk"),

3

The Western Waterproofing Company, Inc., and Western Construct Group Inc. (collectively labeled "Defendant") are organized under the laws of Missouri doing business relevant to this matter in the District of Columbia.

7.    Defendants undertook projects relevant to this matter in the District of Columbia, and operated in the District of Columbia from an office at 1508 Marblewood Avenue, Capital Heights, Maryland 20743.

a.    Upon information and belief, Defendant Brisk performed work at the Reflection Pool Project in the District of Columbia.

b.    Upon information and belief, at times relevant to this proceeding, Defendant represented to the U.S. Department of Labor that its principal corporate office was located at 1637 North Warson Road, St. Louis, Missouri 63132.

c.    Defendant, during the years 2001-2004 utilized stone masons covered under Local 1's trade and geographic jurisdiction in the District of Columbia.

d.    Defendant, during the years 2001 -2004, caused stone masons to travel from the states of Texas, Pennsylvania and Maryland for work on projects within Local 1's trade and geographic jurisdiction in the District of Columbia.

8.    Plaintiff Local 1 brings this FLSA, DBRA, LMRA, FCA; Failure to Pay Wages and Breach of Contract action against Defendant for work performed by employees within Local 1's trade and geographic jurisdiction during 2001 until 2004 and thereafter on the Reflecting Pool Project and elsewhere in the District of Columbia.

## FACTS:

9.    Defendant entered into a Collective Bargaining Agreement (CBA) with Local 1 to

perform stonemasonry work on a public works project in the District of Columbia.

10.    At all times relevant to this action, Plaintiff and Defendant were bound by the terms of the CBA between BAC Local No. 1, Washington, D.C., Maryland, and Virginia Chapters and Brisk Waterproofing Company.

11.    Defendant employed employees that performed stone and masonry work on projects within the trade and geographic jurisdiction of the CBA.

12.    All employees within Local 1's trade and geographic jurisdiction who performed work described within the trade jurisdiction of the CBA were covered under the Local 1 – Brisk CBA.

13.    The CBA, among other things, requires Defendant to make contributions to Trust Funds established under the CBA at specified rates, pay certain classes of workers within its trade and geographic jurisdiction wages and overtime rates set forth in the CBA, and binds Defendant to the terms and conditions of certain Agreements and Declarations of Trust ("Trust Agreements") establishing health and welfare and pension funds for membership of Local 1.

14.    The CBA, effective May 1, 2001 until April 30, 2004, states:

> EIGHTH:    The regular work week shall be forty hours divided into five days at eight hours per day, commencing at 7:30 a.m. until 4:00 p.m., during which time each workman is entitled to thirty minutes for his lunch period.  Any worked performed other than between the hours of 7:30 a.m. and 4:00 p.m., Monday though Friday, or in excess of forty hours, or on any Saturday, shall be paid for one and one-half times the established hourly rate, and any work performed on any Sunday or holiday shall be paid for at double the established hourly rate, except that in the event that Daylight Savings time shall be retained on a year round basis, and it shall be determined for reasons of safety during the months of December, January and February, the starting hour may be delayed to 8:00 a.m. and the ending hour may be 4:30 p.m., and if job conditions warrant, the foreman or shop steward may call the Business Agent for permission to delay the starting time to 8:30 a.m. and end at 5:00 p.m. without liability on the part of the employer to pay more than the established hourly rate . . . .

> NINETH:    The rate of pay and other benefits for journeymen is hereby

established as follows:

(a)    Hourly rate from May 1, 2001 though April 30, 2002 shall be $24.62 per hour. A foreman shall receive not less than $2.00 above the hourly rate established.

(b)    The hourly rate of Stone and Marble apprentices shall be as follows:

>    0 to 12 months, 50% of a journeyman's pay
>    12 to 18 months, 60% of a journeyman's pay
>    18 to 24 months, 70% of a journeyman's pay
>    24 to 30 months, 80% of a journeyman's pay
>    30 to 36 months, 90% of a journeyman's pay

(c)    No member of the Union shall perform any work for any employer on Saturdays, Sundays or any holiday specified herein unless the employer shall notify the Management Committee of the Union no later than noon of the day preceding such Saturday, Sunday or holiday work, and permission for such Saturday, Sunday or holiday work has been granted by the Management Committee of the Union or by the President thereof and which permission may be granted only in the discretion of said Management Committee or President.

(d)    The employer agrees that in addition to the hourly rate as established herein he will pay to the Pension Fund established by the Union, the sum of $2.80 for each hour of pay computed at straight time worked by each mason and the sum of $4.10 per hour to the Health & Welfare Fund established by the Union, computed on the same basis, the sum of $1.00 to the Bricklayers & Trowel Trades International Pension Fund, and the further sum of $.35 per hour to the Training Fund established by the Union computed on the same basis, and the further sum of $.03 per hour computed on the same basis, to the CPP Fund $.05 per hour computed on the same basis, to the International Masonry Institute (IMI) . . . . Payment of all the sums so computed shall be made by the employer to the Union office or at such other place as the Union shall determine and shall notify the employer of such determination in writing and all payments shall be made not later than the 25th day of the month following the month in which the wages are paid. If a payment to the Funds is not made on time, there shall be a liquidated damage penalty pf twenty percent (20%) of all money which is past due. . . .

There will be a one dollar and sixty-five cent ($1.65) raise effective May 1, 2002 and a one dollar and sixty-five cent ($1.65) raise effective May 1, 2003.

(Collective Bargaining Agreement paragraphs Eighth through

6

Ninth)

15.    The CBA states that wages "shall be paid in an envelope clearly designating the week ending date, the name of the employer, the name of the employee, the number of hours worked, rate per hour, all deductions, travel expenses and the total amount." (CBA paragraph NINETH (e)).

16.    According to the CBA, "Workmen shall receive their pay not later than 4:00 p.m. on the date designated as payday, and if pay is received later than the designated time, he shall be paid the prevailing rate for each hour or fraction thereof after the said hour that he is required to wait for his pay up to two hours, and after two hours, he shall be paid at double the prevailing rate for each hour or fraction thereof." (CBS paragraph NINETH (e)).

17.    Further, the CBA states that "[t]he employer agrees to pay each workman who travels more than 25 miles and less than 50 miles from the DC Line in the States of Maryland and Virginia (Zone 1), at the rate of $9.00 per day.  The Employer further agrees to pay each workman who travels more than 50 miles and less than 75 miles from the DC Line in the State of Maryland and Virginia at the rate of $18.00 per day.  On projects traveled beyond the 75-mile radius, the rate shall be $18.00 to and from the job site plus full room and board.  (CBA paragraph NINETH (f)).

18.    The CBA defines the Five-day work week (shift work):

    TENTH:        Five-day work week (shift work).

    (a)    Shift work is renovation, restoration, remodeling or new construction work that cannot for one reason or another be performed during normal working hours.  Only in those cases where required by the owner/client, general contractor or bid specification to perform renovation, restoration, remodeling or new construction work outside the regular working hours of

7

6:30 a.m. and 4:00 p.m., the Employer shall be permitted to operate on a five-day work week, which could include Saturday and Sunday at the straight time rate of pay plus fifteen percent (15%). When the Employer establishes an alternate five-day work week pursuant to this exception, the sixth (6th) consecutive day of work shall be paid at time and one-half, the seventh (7th) consecutive day shall be paid at double time, regardless of the day of the week, and work in excess of 40 hours at any time during that alternative five-day work week shall be paid at time and one-half.

(1)  An employee working day shift must receive time and one-half if he works the night shift.
(2)  Any shift worked over eight (8) hours per twenty four (24) hour period shall be at the time and one-half rate, unless a different shift schedule (e.g., four ten hour days) has been agreed upon by the Union and Employer.
(3)  Second and third shifts shall be not less than seven (7) nor more than eight (8) hours. . . .  (CBA Paragraph TENTH (a)).

19. On or about March 30, 2004, Local 1, learned that Brisk had undertaken certain practices in violation of the CBA and Local 1, by and through counsel, requested Brisk to immediately correct their practices.  Specifically, Local 1:

a.      Became aware of information indicating that Brisk was not in compliance with the CBA because Brisk was sending payments and benefit contributions directly to the traveling employees' home jurisdictions;

b.      Requested Brisk to undertake immediate action to ensure that full and precise compliance with the CBA was being achieved;

c.      Reminded Brisk of their obligations under the CBA whereby contributions for employees should be made to the Administrator of the Trust Funds established by the CBA, Carday Associates, based upon all hours for travelers;

d.      Reminded Brisk that Carday Associates would administer the reciprocity between Local 1 and the traveler's home jurisdiction; and

8

      e.      Requested a partial audit of Brisk's payrolls.

20.     A partial audit of Brisk payrolls was performed on or about June 2004.

21.     On or about June 18, 2004, Local 1, by and through counsel, again informed Brisk of the manner in which reciprocity payments were to be handled.

22.     The partial audit covered three non-consecutive months, chosen as representative months of payroll practices.

23.     According to the partial audit, Brisk failed to adhere to the CBA in multiple instances. Specifically:

      a.      Brisk underpaid certain covered employees by failing to pay them double the established rate for work on certain Sundays as required under the CBA, but instead were paid one-and-one half times the established rate.

      b.      Brisk underpaid certain covered employees by failing to pay them one-and-one-half times the established rate for work on certain Saturdays as required under the CBA.

      c.      Brisk underpaid traveling workers from among other places, Texas and Pennsylvania by failing to pay traveling workers the wage rate negotiated in the Local 1 CBA.

      d.      Although Brisk paid some, but not all, traveling workers travel expenses, Brisk improperly attempted to offset its underpayment of the wages of certain traveling workers with travel expense payments.

      e.      Covered employees from Texas hired to perform specialty work on a project in Washington, D.C. from January to April 2004 were not paid in accordance with

the CBA in at least three ways, including:

    i.  Brisk failed to pay these individuals time and a half for their Sunday work.

    ii.  Brisk paid these individuals time and a half for work over 40 hours instead of paying these individuals double time as required in certain circumstances under the contract.

    iii.  Brisk improperly paid these individuals a travel stipend, room and board instead of paying proper wages and benefits for the individuals.

    f.    Under the CBA, the normal work week is five 8 hour days where hours beyond 8 hours are paid at overtime, unless the Union receives advance notice from the employer requesting four 10 hour days Monday through Thursday and so consents.  Brisk underpaid covered employees when they failed to pay them at one-and-one-half times the established rate for work over the eight hours per day, in a five day per week work schedule, as required under the CBA.

    g.    Brisk further violated the CBA when they:

    i.  in numerous instances, underpaid covered employees for work by treating the work week in terms of four 10 hour days instead of following work week and work week exception procedures stated in the CBA;

    ii.  in numerous instances, underpaid covered employees when they impermissibly utilized the four 10 hour days option on Tuesdays through Fridays or in four non-successive days during the week.

24.    Under the CBA, there were no "make-up day" exceptions that could have provided exceptions to Brisk's violations.

25.    On numerous instances, Brisk paid various Pennsylvania traveling workers who performed work in Local 1's jurisdiction according to the Pennsylvania Collective Bargaining Agreement instead of at the proper rate applicable in the District of Columbia under Local 1's CBA.

26.    At times, Brisk paid covered Pennsylvania traveling workers who performed work in Local 1's jurisdiction travel expenses instead of the full value of the wages owed to the covered employees under the CBA.

## COUNT 1
## FAIR LABOR STANDARDS ACT

27.    Plaintiff incorporates by reference paragraphs 1 through 26 above.

28.    Plaintiff has complied in full with the terms of the CBA.

29.    Defendant violated the CBA and the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 rights of Plaintiff Local 1 for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b)

30.    The actions of the Defendant violated provisions as to minimum wage, overtime, and fringe benefit requirements of the FLSA by failing to pay covered employees the prevailing wage rate in Washington D.C., impermissibly paying covered employees travel expenses instead of wages for hours worked without the consent of the Union, and failing to pay contributions for covered employees to the administrator of Local 1's choosing, opting instead to pay certain employee's contributions to their home local union.

31.    The actions of the Defendant continued over three years, from 2001 until 2004, and were willful violations of the Act.

32.    As a direct result of Defendant's violation of the CBA and the FLSA, Plaintiff's union

members and employees covered by the CBA have been caused to sustain loss of wages, overtime pay and contributions to Union Funds.

**WHEREFORE, Plaintiff demands judgment against the Defendant including:**

      (a)      A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;

      (b)      Any amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

      (c)      Judgment in an amount sufficient to reimburse all employees performing work under the CBA in the amount of wages, overtime or other form of payment established within the CBA;

      (d)      The full amount of any and all Trust Fund Contributions that have not been paid;

      (e)      Interest on all of the above;

      (f)      The full amount of any liquidated damages pursuant to the statute and the CBA;

      (g)      Attorneys fees and costs associated with bringing this action;

      (h)      Plaintiffs request such other and further relief as the court may deem just and proper.

## COUNT TWO
## VIOLATION OF THE LABOR MANAGEMENT RELATIONS ACT

33.      Plaintiff incorporates by reference paragraphs 1 through 32 above.

34.      The actions of the Defendant constitute a breach of contract redressable under § 301 of the Labor Management Relations Act, 1947 (LMRA).

35.      Defendant entered into a CBA with Plaintiffs on May 1, 2001 that was in force until

April 30, 2004 to which Plaintiff at all times adhered to.

36.    Defendant violated the terms of the CBA and the LMRA by failing to pay covered employees the prevailing wage detailed in the CBA, by failing to pay covered employees for hours worked beyond the forty hour work week, by failing to obtain Local 1's permission before altering the work week hours, and by impermissibly paying employees traveling expenses instead of negotiated wages.

37.    Defendant further violated the terms of the CBA and the LMRA by failing to pay the administrator of Local 1's choosing the required employee contributions.

38.    The actions of the Defendant continued over three years, from 2001 until 2004 are therefore willful violations of the Act.

**WHEREFORE, Plaintiff demands judgment against the Defendant including:**

> (a) A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;
>
> (b) Any amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;
>
> (c) Judgment in an amount sufficient to reimburse all employees performing work under the CBA in the amount of wages, overtime or other form of payment established within the CBA;
>
> (d) The full amount of any and all Trust Fund Contributions that have not been paid;
>
> (e) Interest on all of the above;
>
> (f) The full amount of any liquidated damages pursuant to the statute and the CBA;
>
> (g) Attorneys fees and costs associated with bringing this matter;

(h) Plaintiffs request such other and further relief as the court may deem just and proper.

## COUNT THREE
## VIOLATION OF THE DAVIS BACON AND RELATED ACTS ("DBRA")

39.    Plaintiff incorporates by reference paragraphs 1 through 38 above.

40.    Defendant's employees covered under the Local 1 – Brisk CBA for work in the District of Columbia for the federal government.

41.    Defendant violated the terms of the CBA and the DBRA by failing to pay covered employees the locally prevailing wage of the District of Columbia as detailed in the CBA, by failing to pay covered employees appropriate overtime pay for hours worked beyond the forty hour work week, by failing to obtain Local 1's permission before altering the work week hours from five 8 hour days to four 10 hour days, by impermissibly paying employees traveling expenses instead of negotiated wages, and by failing to pay the administrator of Local 1's choosing the appropriate and required employee contribution amounts for covered employees.

42.    The actions of the Defendant continued over three years, from 2001 until 2004, and consisted of consistent and therefore willful violations of the Act.

**WHEREFORE, Plaintiff demands judgment against the Defendant including:**

(a) A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;

(b) Any amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(c) Judgment in an amount sufficient to reimburse all employees performing work under

14

the CBA in the amount of wages, overtime or other form of payment established within the CBA;

(d) The full amount of any and all Trust Fund Contributions that have not been paid;

(e) Interest on all of the above;

(f) The full amount of any liquidated damages pursuant to the statute and the CBA;

(g) Attorneys fees and costs associated with bringing this matter;

(h) Plaintiffs request such other and further relief as the court may deem just and proper.

## COUNT FOUR
## FALSE CLAIMS ACT

43.    Plaintiff incorporates by reference paragraphs 1 through 42 above.

44.    In order to qualify for federal construction projects subject to Davis-Bacon and related Acts, contractors must "certify" that "each laborer or mechanic has been paid not less than the applicable wage rates." 29 CFR S 5.5(a)(3)(B)(3).

45.    The Defendant in this case is an employer that submitted a false certification that workers have been paid at the legally required wage rate pursuant to the above requirement and thus may be liable under the FCA.

46.    Defendant certified that employees covered under the Local 1 – Brisk CBA for projects in the District of Columbia were paid the prevailing wage in proper intervals when they were not paid the prevailing wage for the number of hours they worked, nor overtime for hours beyond the contracted for 8 hour days 5 days a week schedule.

47.    The facts described above constitute a violation of the False Claims Act for which Plaintiff Local 1 is entitled to relief.

**WHEREFORE, Plaintiff demands judgment against the Defendant including:**

(a) A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;

(b) Any amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(c) Judgment in an amount sufficient to reimburse all employees performing work under the CBA in the amount of wages, overtime or other form of payment established within the CBA;

(d) The full amount of any and all Trust Fund Contributions that have not been paid;

(e) Interest on all of the above;

(f) The full amount of any liquidated damages pursuant to the statute and the CBA;

(g) Attorneys fees and costs associated with bringing this matter;

(h) Plaintiffs request such other and further relief as the court may deem just and proper.

## COUNT FIVE
## VIOLATION OF D.C. MINIMUM WAGE ACT REVISION ACT OF 1992 ("MWARA")

48.     Plaintiffs incorporate by reference paragraphs 1 through 47 above.

49.     At all times relevant to this action, Defendant employed workers within Local 1's trade and geographic jurisdiction for work in the District of Columbia.

50.     The Defendant violated the MWARA as to certain workers within Plaintiff's jurisdiction because the Defendant failed to compensate covered employees the prevailing wage rate of the District of Columbia and overtime wage of at one and one-half (1½) times their regular rate if an

16

employee works more than 40 hours in a workweek.

51.    Plaintiff is entitled to recover the amount of unpaid wages and overtime, and liquidated damages as authorized by Section 32-1012(a) of the MWARA, attorneys fees and costs as authorized by Section 32-1012(c) of that Law.

52.    The actions of the Defendant continued over three years, from 2001 to 2004 are therefore willful violations of the Act.

53.    The District of Columbia MWARA claims of Plaintiff are appropriately heard by this Court within its supplemental jurisdiction because of the degree to which they are closely intertwined with the interpretation of legal issues under the FLSA, LMRA and DBRA.  Such claims do not predominate over federal claims herein.

**WHEREFORE, Plaintiff demands judgment against the Defendant including:**

    (a) A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;

    (b) Any amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

    (c) Judgment in an amount sufficient to reimburse all employees performing work under the CBA in the amount of wages, overtime or other form of payment established within the CBA;

    (d) The full amount of any and all Trust Fund Contributions that have not been paid;

    (e) Interest on all of the above;

    (f) The full amount of any liquidated damages pursuant to the Statute and CBA;

    (g) Attorneys fees and costs associated with bringing this matter;

(h) Plaintiffs request such other and further relief as the court may deem just and proper.

## COUNT SIX
## FAILURE TO PAY WAGES/BREACH OF CONTRACT

54.    Plaintiff incorporates by reference paragraphs 1 through 53 above.

55.    The facts described above constitute a breach of contract for which Plaintiff Local 1 is entitled to relief.

56.    At all times relevant to this action, Plaintiff and Defendant were parties to a CBA in effect from May 1, 2001 until April 30, 2004.

57.    Defendant failed to pay covered employees the prevailing wage rate for work performed by such employees in the District of Columbia, failed to pay the appropriate overtime for work performed over forty hours per week, and failed to provide employees their full wages, opting in certain instances to pay employees travel expenses instead of the full wages due.

58.    The actions of the Defendant willfully continued over three years, from 2001 until 2004, are therefore willful violations of the contract.

59.    The breach of contract claims of Plaintiff are appropriately heard by this Court within its supplemental jurisdiction because of the degree to which they are closely intertwined with the interpretation of legal issues under the FLSA, LMRA, and DBRA.    Such claims do not predominate over federal claims herein.

**WHEREFORE, Plaintiff demands judgment against Defendant including:**

(a) A full and complete accounting of all wages paid to employees covered under the CBA from 2001 until the present;

18

(b) Any amounts becoming due as a result of the audit performed prior to the entry of

Judgment herein;

(c) Judgment in an amount sufficient to reimburse all employees performing work under

the CBA in the amount of wages, overtime or other form of payment established

within the CBA;

(d) The full amount of any and all Trust Fund Contributions that have not been paid;

(e) Interest on all of the above;

(f) The full amount of any liquidated damages pursuant to the CBA;

(g) Attorneys fees and costs associated with bringing this matter;

(h) Plaintiffs request such other and further relief as the court may deem just and proper.


Respectfully submitted,


**MCCHESNEY & DALE, P.C.**

By: _____

William P. Dale (Bar # 216101)
Charles F. Fuller (Bar # 406085)
Sogand Zamani
McChesney & Dale, P.C.
4000 Mitchellville Road
Suite 222B
Bowie, MD 20716
Telephone: (301) 805-6080
Fax: (301) 805-6086
*Counsel for Plaintiff*